## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RAMORI ROGERS,  )
  )
          Movant,  )
  )
vs.  )  Case No. 4:19-cv-00167-JAR
  )
UNITED STATES OF AMERICA,  )
  )
          Respondent.  )
  )

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Ramori Rogers's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (Doc. 1.)  Also pending are a motion for appointment of counsel (Doc. 33); two motions seeking to supplement the Motion to Vacate (Docs. 44, 45); a motion to expedite ruling on his § 2255 motion (Doc. 62); several motions relating to discovery (Docs. 28, 40, 41, 46, 47, 48, 59, 60); and Respondent United States of America's Motion to Strike (Doc. 51), directed at Movant's discovery motions, to which Movant has responded with four motions to strike of his own (Docs. 52, 54, 55, 57).

## Background

Pursuant to a negotiated plea agreement, Movant pleaded guilty to attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and (e) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  (*United States v. Rogers*, No. 16-cr-0039-JAR-1 (E.D. Mo.) [hereinafter, *Rogers*], Docs. 105, 121.)  Movant also agreed to waive his rights to appeal and to seek habeas relief under § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.  *Rogers*, No. 16-cr-00039 (Doc. 105 at 15).  In

1

exchange, the United States agree to recommend a sentence of fifteen years in prison—the statutory minimum. *Id.* (Doc. 105 at 2).  The Court sentenced him to two concurrent terms of 180 months in prison, to be followed by a lifetime of supervised release.  *Id.* (Doc. 121 at 2-3).

Movant filed this § 2255 motion on January 31, 2019, advancing ten grounds for relief, including multiple instances of alleged ineffective assistance of counsel and prosecutorial misconduct.  (Doc. 1.)  Thereafter, he filed four supplements to his Motion to Vacate adding an apparent allegation of trial court error (Doc. 3), and dozens of additional pages in support of his claims (Docs. 17, 26, 34).  The Court allowed these supplements but cautioned Movant that it "will not allow any additional supplementation or amendments."  (Doc. 36.)

## Pending Motions

Before the Court can address the substance of Movant's Motion to Vacate, it must first resolve the parties' various pending motions.

### *Movant's "Motion for Plea counsel to Petition the Courts to Appoint a Paralegal Assistance or Simply Appoint A Second Counsel" (Doc. 33)*

The Court construes this motion as a request for appointment of counsel.  The Court has previously denied Movant's requests for counsel, finding that Movant had "demonstrated his ability to present his claims," that the claims presented in his motion "are not factually complex," and that he "has proven capable of setting forth the legal basis for those claims."  (Doc. 31 at 3.) The Court reiterates that finding and adds that, in light of its order of February 19, 2020, stating that it "will not allow any additional supplementation or amendments" to Movant's § 2255 Motion (Doc. 36), the Court finds that counsel is unnecessary and will therefore deny Movant's most recent request for appointment of counsel.

### Movant's "Urgent Motion to Compel Attorney to Provide Communication Records" (Doc. 28)

Movant seeks an order compelling his plea counsel, Richard Sindel, "to release any and all communications between, first Kay Parish and [Movant] then after April of 2016 between [counsel] and [Movant]." (Doc. 28 at 1.)  He asks for:

> all dates and times of visits, a copy of any documentation mailed and or personally delivered to [Movant], a copy of the disk provided to [counsel] by the government as part of [Movant's] discovery with all recorded phone calls between anyone [Movant] called included [counsel] as well as Kay Parish, a copy of all emails between [Movant's then girlfriend] and between [Movant] and Kay Parish.

(*Id.*)  Movant asserts that the communication will show that his first counsel received materials from the government before Movant had been arrested and that she sought extensions on Movant's behalf after her representation of him had ended, that Movant requested mental health treatment, that his plea counsel "yelled and swore at me forcing me to plead guilty" when Movant expressed his desire for a jury trial," and that his plea counsel "never ever discussed anything about a direct appeal or a letter of compliance." (*Id.* at 1-2.)

The Court will deny the motion because none of the asserted communications, even if the Court were to accept that they exist and show what Movant alleges, support a viable claim for habeas relief, as discussed more fully below.

### Movant's Remaining Discovery Motions (Docs. 40, 41, 46, 47, 48, 60), and Motions to Supplement (Docs. 44, 45).

The Court will deny Movant's remaining motions for additional discovery and to supplement his § 2255 Motion because they were filed after the Court's February 9, 2020, order prohibiting further amendment and supplementation.  Movant's § 2255 Motion is before the Court as it was on that date.  Of note, Movant does not assert any basis from which the Court could conclude that the evidence he seeks or the supplemental claims he advances were not known or otherwise discoverable before.  Accordingly, the Court concludes that the supplemental factual

and legal content underlying these motions is beyond the scope of the operative § 2255 Motion and will therefore deny these motions.

### The Parties' Motions to Strike (Docs. 51, 52, 54, 55, 57)

Respondent asks the Court to strike several of Movant's other pending motions on the ground that the Court's February 9, 2020, order prohibited additional supplement or amendment of Movant's § 2255 Motion.  (Doc. 51.)  Movant responds with his several Motions to Strike of his own, directed at striking Respondent's motion.  (Docs. 52, 54, 55, 57.)

As discussed above, the Court will deny Movant's various supplemental motions and will therefore deny  Respondent's Motion to Strike as moot.  Accordingly, Movant's Motions to Strike are also moot.

### Movant's Motion to Expedite (Doc. 62)

Finally, Movant asks the Court to expedite its ruling on Movant' § 2255 Motion.  (Doc. 62.)  This Order resolves Movant's § 2255 Motion and therefore his motion to expedite is moot. That said, the Court repeats what it wrote in its order denying Movant's prior Motion to Expedite: § 2255 Motions are assigned to Track 4, which contemplate that the motion will be concluded typically within 24 months of filing.  E.D. Mo. L.R. 5.01.  Movant filed his § 2255 Motion on January 31, 2019, and a Case Management Order was issued in Petitioner's case on February 2, 2019.  (Doc. 2.)  All parties in all cases are entitled to a timely resolution and the Court endeavors to rule on all pending matters in an expeditious manner. This case was addressed as soon as practicable; given the Court's caseload, a ruling was not issued before today.

## Legal Standard

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States."  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir.

2011).  The movant must show that the "claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

## Discussion

Currently pending before the Court are twelve grounds for relief under § 2255:

**Ground 1**:  ineffective assistance of plea counsel (failure to object to the Magistrate Judge's Report and Recommendation);

**Ground 2**:  violation of the Speedy Trial Act;

**Ground 3**:  denial of Sixth Amendment right to trial by jury;

**Ground 4a**:  prosecutorial misconduct (improper use of evidence);

**Ground 4b**:  ineffective assistance of plea counsel (failure to object to misuse of evidence);

**Ground 5**:  unconstitutional guilty plea;

**Ground 6**:  ineffective assistance of plea counsel (failure to procure evidence withheld by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963));

**Ground 7**:  "miscarriage of justice";

**Ground 8**:  unconstitutional grand jury pool;

**Ground 9**:  ineffective assistance of plea counsel (consenting to prosecution's numerous requests for extensions);

**Ground 10**:  prosecutorial misconduct (violation of *Brady*); and

**Ground 11**:  trial court error (allowing Movant to proceed despite being incompetent and commenting on the plea agreement).

(Docs. 1, 3, 17-7.)

### *Waiver and Guilty Plea*

Movant's negotiated plea agreement includes the following provision:

> **B.**   **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(*Rogers*, Doc. 105 at 15.)

"There is no question in this circuit that a knowing and voluntary waiver of direct-appeal rights is generally enforceable." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (citing *United States v. Goings*, 200 F.3d 539, 543 (8th Cir.2000)).  "We also have enforced a defendant's plea agreement promise to 'waive his right to appeal, or challenge via post-conviction writs of habeas corpus or coram nobis, the district court's entry of judgment and imposition of sentence.'" *Id.* (quoting *United States v. His Law*, 85 F.3d 379, 379 (8th Cir. 1996)).  By the same logic, a Defendant may also waive his collateral-attack rights in a plea agreement.  *Id.*  As always, "the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary."  *Id.* (citing *United States v. Morrison*, 171 F.3d 567, 568 (8th Cir. 1999)).

In Ground 5, Movant directly argues that his guilty plea was unconstitutional because he was under the influence of "a very powerful antipsychotic medication" during the plea hearing. (Doc. 1 at 7.)  In Ground 11, he relatedly argues that the Court erred in finding him competent. (Doc. 3.)  He asserts the medication's known side-effects include "nervousness, insomnia, disturbance in attention, [agitation] & confusional [sic] state, thought disorders and manic symptomatology."  (*Id.*)  He further asserts that his counsel ignored Movant's assertions that he needed mental health treatment and adds that he was subjected to "familial" coercion, rendering the plea involuntary.  (*Id.* at 8.)

The Court concludes that the plea hearing transcript contradicts Movant's assertions. Specifically, Movant told the Court about the medication, affirmed that it did not affect his ability to think clearly, and in fact helped him focus.  (*Rogers*, Doc. 132 at 5:20-6:17.)  Indeed, the Court asked Movant three times if Movant's medication affected his ability to think clearly and all three times Movant responded affirmatively.  (*Id.* at 6:5-9; 6:22-24; 7:10-12.)  The Court also directed

Movant "to stop me, and let me know, or you can ask for time to talk to [your counsel]" if "at any time you don't understand anything." (*Id.* at 7:13-15.)  Movant said that he would.  (*Id.* at 7:16.)

The Court then asked Movant's plea counsel if he believed Movant was competent to proceed.  (*Id.* at 7:17-8:5.)  Counsel represented to the Court that, having reviewed a portion of Movant's medical history, spoken to Movant's family, and interacted directly with Movant, he was "convinced that [Movant] is competent."  (*Id.* at 8:2-5.)

"A defendant's statements made under oath 'carry a strong presumption of verity.'" *Franklin v. United States*, No. 4:12-CV-866 CEJ, 2015 WL 4694041, at *2 (E.D. Mo. Aug. 6, 2015) (quoting *Blackledae v. Allison*, 431 U.S. 63, 74 (1977)).  The only factual support Movant offers to overcome that presumption is that he told the Court he had completed a year of college when he failed to even graduate high school.  (Doc. 1 at 7; *see Rogers*, Doc. 132 at 8:15-20.)  The Court finds that this inconsistency, even if true, is insufficient to overcome the presumption that Movant was truthful when he told the Court multiple times that his mind was clear.

The same is true of Movant's recent assertion that he asked counsel for mental health treatment.  (*See* Doc. 28 at 1-2.)  The need for mental health treatment is consistent with the Court's examination of Movant's mental state at the plea hearing; someone taking antipsychotic medication would ordinarily be expected to also need mental health treatment.  To that end, the Court's repeated direct inquiry into Movant's clarity illustrates the Court's desire to ensure Movant understood the nature and consequences of his plea before accepting it.  In any event, a request for mental health treatment is not proof of incompetence.  Otherwise, Movant offers nothing more than bare assertions that he was incompetent to accept the plea.

Movant offers no factual support for his claim that he was coerced into pleading guilty other than his recent assertion that his plea counsel "yelled and swore at me forcing me to plead

guilty" when Movant expressed his desire for a jury trial.  (*Id.*)  Once again, the transcript of the plea hearing contradicts Movant's assertion; the Court asked Plaintiff if he was satisfied with counsel's communication, advice, and completeness.  (Doc. 132 at 9:2-10:8.)  The Court asked Movant directly, "Do you understand if you didn't want to enter a plea of guilty here today, we would proceed with a trial text week, and do you understand that; is that correct?" to which Movant responded, "That's correct."  (*Id.* at 9:15-22.)  The Court then asked Movant again if he understood that he has "the right to a speedy and public trial by a judge or a jury in this case," and Movant answered that he did.  (*Id.* at 10:14-21.)  Finally, the Court said, "[D]o you understand that there isn't going to be a trial.  You are going to be adjudged as guilty of these charges in Counts 1 and 2 of the indictment.  Your right to appeal will be very limited as set forth in the plea agreement; do you understand all of that?" and Movant responded, "Yes, your Honor."  (*Id.* at 12:15-20.)

Lastly, the transcript shows the Court's efforts to confirm that Movant understood the substance and consequences of the plea agreement.  The Court confirmed that Movant had had an opportunity to review the agreement, discuss it with his attorney "at length", and that Movant understood its effects.  (*Id.* at 13:1-14:22.)

Accordingly, the Court concludes that Movant's guilty plea was knowing and voluntary and will therefore deny Grounds 5 and 11.  Likewise, the Court concludes that Movant waived his right to seek habeas relief based on any claims other than prosecutorial misconduct or ineffective assistance of counsel.  Therefore, Grounds 2, 3, 5, 8, and 11 are denied as waived.

### *Ineffective Assistance of Counsel*

Movant asserts three instances of ineffective assistance of counsel.  To prove ineffective assistance of counsel, a movant must show that his attorney's performance was objectively unreasonable, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish prejudice, the movant must show "a reasonable probability that, but for

8

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  The standard is "highly deferential." *Id*. at 689.

### a.  Ground 1

Movant first argues in Ground 1 that plea counsel should have objected to the Magistrate Judge's Report and Recommendation.  (Doc. 1 at 4.)  Specifically, Movant argues that his counsel should have objected to "factual evidence on which [the Court] relied at sentencing" and allowed Movant to argue those objections at a hearing.  (*Id.*)

The Court concludes that this ground lacks merit.  At the plea hearing, counsel confirmed that he and Movant had reviewed the Report and Recommendation and Movant himself told the Court that he had no objections.  (Doc. 9 at 10 (citing *Rogers*, Doc. 131 at 19-20)).  Further, Movant confirmed at his plea hearing that the facts alleged in the indictment and incorporated into the Magistrate Judge's Report and Recommendation were true, including a detailed reading of the relevant facts by the Assistant United States Attorney.  (*Rogers*, Doc. 1323 at 15:7-18, 17:1-18:12, 18:13-31, 19:12-20:17.)  Each time the facts were restated, Movant confirmed that they were true and accurate and that he had committed the conduct alleged, ultimately leading to his pleading guilty.

Having found that Movant's guilty plea was knowing and voluntary and reviewing the numerous times Plaintiff himself confirmed the accuracy of the facts included in the Report and Recommendation, the Court concludes that counsel was not ineffective for failing to object to those facts or seek a hearing to argue them.  Likewise, the Court concludes that Movant cannot show that he was prejudiced by counsel's failure to object.  For the same reasons, Movant was not prejudiced when the Court sentenced him based on those facts.  Finally, the Court notes Movant's

repeated assertions that he was satisfied with counsel's representation, discussed in depth in the Court's analysis of Ground 9 below.

Accordingly, the Court will deny relief under Ground 1.

### b.  **Ground 4b**

Next, Movant argues that counsel was ineffective for failing to challenge or object to the prosecution's notice of intent to use evidence of similar past molestation and criminal acts under Rules 404b, 414, and 608.  (Doc. 1 at 5.)  Respondent argues that this ground fails because no such evidence was ever admitted.  (Doc. 9 at 13.)

The Court concludes that Movant cannot show that he was prejudiced by counsel's failure to object to the government's notice of intent to use evidence of past conduct, primarily because Movant pleaded guilty to the charged conduct.  Put simply, counsel had no reason to object. Further, any objection would have been premature because no evidence was ever put forward for admission.  *See Garrett v. United States*, 78 F.3d 1296, 1303 n.11 (8th Cir. 1996) ("Ineffective assistance should not be found under Strickland when counsel fails to perform those acts which clearly appear to be futile or fruitless at the time the decision must be made.")  Again, the Court reiterates Movant's assertions that he was satisfied with counsel's representation, discussed more fully in relation to Ground 9.

Accordingly, the Court will deny habeas relief under Ground 4b.

### c.  **Ground 6**

Movant argues that counsel was ineffective for failing to hire an independent forensic expert  or otherwise attempt to procure "all the pictures and sexually explicit videos" that the prosecution asserted it had.  (Doc. 1 at 10.)  Movant asserts that the computer seized from his house "gave the prosecution the evidence [it] needed to take [Movant] to trial while at the same

time the computer held evidence favorable to [Movant] and [his] defen[s]e." (*Id.*)  He argues that "[p]ictures as well as videos located on the hard drive of my laptop meets the criteria," (i*d.* at 16), and asserts that, when the prosecution informed him that "the computer [contained] 81 images of child pornography and nine video[s] of the victim changing clothes," his counsel should have sought to obtain the "thousands of [pictures of] breast[s] from adult women, multiple videos of adults and multiple [Google] searches" for a number of explicit terms, (Doc. 17-5 at 3-4).  He argues that this evidence was favorable because it "could have shown that [Movant's] motive was breast[s] and not lascivious display of the genitals" and "reflect grown adult women being filmed surreptitiously displaying their bare breast[s." (Doc. 17-5 at 4.)

The Court concludes that Movant  has failed to demonstrate either prong of the *Strickland* test.  First, the Court does not believe the purported evidence is favorable in the ways Movant suggests; that someone found to be in possession of child pornography also possesses adult pornography does not necessarily support that person's innocence or otherwise assist in his defense.  As such, counsel was not ineffective for failing to seek it out.  In any event, Movant's knowing and voluntary guilty plea and sworn statements made at the plea hearing undermine any claim that Movant was prejudiced by counsel's failure to pursue this alleged evidence, especially in light of Movant's repeated assertions that he was satisfied with counsel's representation, discussed below.

### d.  <u>Ground 9</u>

In his fourth and final claim of ineffective assistance of counsel, Movant argues that counsel prejudiced him by consenting to the prosecution's numerous extension requests, failing to sufficiently investigate the charges against Movant, and for providing minimal and inadequate counsel leading up to his guilty plea.  (Doc. 1 at 13; *see also* Doc. 17-8 at 4-5; Doc. 26; Doc. 34.)

Movant specifically asserts that "no defen[s]e was talked about, no experts [were] talked to, no evidence in my defen[s]e was reviewed, no crime scene was visited, no talking to the victim. . . ." (*Id.*)  He adds that he only met with an attorney twice during the twenty-five months he was in jail before trial and that "no discovery was gone over with me, no plea [agreement] was discussed with me, no P.S.I. report was gone over with me, nothing was explained to me . . . , any concerns I had [were] ignored and disregarded."  (*Id.*)  Movant asserts that counsel lied to the Court about efforts he had undertaken to investigate the charges and prepare for trial.  (*Id.*; Doc. 17-2.)  In addition, Movant asserts

The Court concludes that Movant's sworn statements contradict his argument.  At the Frye hearing, the Court asked Movant the following questions:  "You have had a full opportunity to discuss [your waiver of trial by jury] with [counsel]; is that correct?"; "He has answered all of your questions about it; is that right?"; "[Counsel] prepared a three page document that goes into your rights and your waiving those rights here today.  Do you understand everything in this form?"; and "You had an opportunity to go over that [document] with [counsel]; is that correct?"  (Doc. 131 at 5:13-10:17.)  Movant answered affirmatively each time.

At the plea hearing, the Court asked Movant the following questions:  "[G]enerally, have you had enough time to talk to him about your case?"; "Has he done everything you have asked him to do in this case?"; "[Counsel] has explained all of your rights to you; is that correct?"; "You believe you have been fully advised as to all aspects of your case, including your legal rights, and the possible consequences of your plea of guilty here today?; "And again, with regard to [counsel's] representation, you are satisfied with his services; is that correct?"; And we are here now, and it is three o'clock here.  You were here earlier about 11 o'clock, and I know you had an opportunity to see [the plea] agreement, read through it; is that correct?"; "And I know you had an

opportunity to speak at length with [counsel] about the plea agreement; is that correct?"; "[T]his final agreement that you signed here today, you had a full opportunity to read through it, understand what it means and what it says; is that correct?"; "Did you also have an opportunity to go through it with [counsel], and did he answer any questions you may have had about the agreement?"; "[D]o you understand that you, and your attorney, and the Assistant United States Attorney are going to come in here and the time of sentencing and recommend a sentence of 15 years imprisonment . . . ?"; "And again, you have fully discussed all of this with [counsel]. He has explained all of this to you.  They are set out there in the plea agreement.  I have gone over many of those with you.  You know your case was set for trial here next week.  Do you understand you are giving up those rights by entering the plea of guilty here today; is that correct?" (Doc. 132 at 9:7-29:13)  Movant answered affirmatively each time.

At sentencing, the Court asked Movant the following questions:  "I just want to ask you again here today, have you had enough time to talk to [counsel] about the case?"; "Has he answered all of your questions?"; Has he done everything you have asked him to do in the case?"; "And you are satisfied with his services; is that correct?"; "[Y]ou had an opportunity to fully read through, understand what the presentence report means and what it says; is that correct?"; "And you also had an opportunity to go through it with [counsel], and did he answer any questions you might have had about the report?".  (Doc. 134 at 3:22-6:15.)  Movant answered affirmatively each time. The Court asked, "[D]o you have any objection to any of the factual statements in the presentence report, the way it calculates the guideline range in this case . . . ?"  (*Id.* at 8:2-4.)  Movant responded, "No, your Honor."  (*Id.* at 8:6.)  When the Court gave Movant "an opportunity to tell me anything you want to tell me," Movant responded, "I don't have nothing to say, your Honor.  I had [counsel] to speak for me."  (*Id.* at 20:6-9.)

13

Read together, Movant's answers illustrate his satisfaction with counsel's representation and advice and they directly contradict the assertions he makes in his § 2255 motion.  The Court therefore concludes that Movant cannot show that counsel's performance was objectively unreasonable or that he was prejudiced as a result.  *Strickland*, 466 U.S. at 687.

Accordingly, the Court will deny habeas relief under Ground 9.

### e.   <u>Allegations in Movant's "Urgent Motion"</u>

As indicated, the Court concludes that the factual assertions made in Movant's recent "Urgent Motion to Compel Attorney to Provide Communication Records" (Doc. 28), do not support habeas relief, primarily because they are contradicted by the hearing transcripts.  Movant asserts that counsel ignored his requests for mental health treatment (*id.* at 1), but even if counsel did so, Movant cannot show prejudice because his sentence included a referral to mental health treatment (Doc. 134 at 23:22-23).  Further, as discussed more fully above, the Court thoroughly questioned Movant and confirmed that he was competent to enter a guilty plea.

Movant asserts that his plea counsel "yelled and swore at me forcing me to plead guilty" when Movant expressed his desire for a jury trial (Doc. 28 at 2), but even if counsel did so, Movant cannot show prejudice because he himself affirmed, under oath, numerous times, that his guilty plea was free and voluntary.  Moreover, Movant's assertions are undercut by his repeated affirmations that he was completely satisfied with counsel's representation.

Movant asserts that counsel "never ever discussed anything about a direct appeal or a letter of compliance."  (Doc. 28 at 1-2.)  The Court understands Movant to be arguing that counsel failed to adequately explain the consequences of his guilty plea, rendering it unknowing.  The Court's questioning at the plea hearing, including specific detailed reference to Movant's waiver of the right to appeal and post-conviction restrictions, belies this assertion.  Even if counsel failed to

14

specifically discuss a direct appeal or a letter of compliance, Movant cannot show prejudice in light of his sworn testimony that he understood the Court's warnings and the consequences of the plea.

Finally, Movant's implied claim that his first counsel was ineffective for reviving materials from the government before Movant had been arrested and for seeking extensions after she had withdrawn must also fail.   (*See* Doc. 28 at 1.)  As to the first assertion, the Court does not see how receiving materials from the government is not objectively unreasonable—to the contrary, refusing such information might well have prejudiced Movant.  Movant's second assertion is plainly contradicted by the docket sheet.  Ms. Parish moved to withdraw on July 7, 2016.  (Doc. 30. )  That motion was granted on July 11, 2016.  (Doc. 33.)  Ms. Parish took no action after filing her motion to withdraw.

### *Prosecutorial Misconduct*

Plaintiff also alleges three instances of prosecutorial misconduct.  Court's apply a "highly generalized standard" to test claims of prosecutorial misconduct.  *Parker v. Matthews*, 567 U.S. 37, 49 (2012).  "As a general rule, 'prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process.'"  *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (alteration in original) (quoting *Louisell v. Dir. of Iowa Dep't of Corr.*, 178 F.3d 1019, 1023 (8th Cir. 1999)).  It is a "highly generalized standard."  *Parker v. Matthews*, 567 U.S. 37, 49 (2012).

### a.  Ground 4a

Movant argues that the government's intent to use Rule 414 evidence rendered his prosecution unfair because he was never convicted or charged with a prior sex crime.  (Doc. 1 at 5.)  The Court concludes that this ground fails on its merits for the same reason as Ground 4b,

discussed above:  No Rule 414 evidence was ever offered because of Movant's knowing and voluntary guilty plea.  Movant simply cannot show that his prosecution was so unfair as to deny him of due process after his repeated and consistent affirmations that the facts alleged in the indictment were true and that he had committed the charged offenses; affirmations he made both under oath in open court and in his signed plea agreement.

Accordingly, the Court will deny relief under Ground 4a.

### b.  Ground 10

Movant argues that the government withheld exculpatory evidence in violation of *Brady*. (Doc. 1 at 10, 16.)  *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  In *Strickler v. Greene*, 527 U.S. 263, 281–282 (1999), the Supreme Court set out the three essential elements of a prosecutorial misconduct claim premised on *Brady*:  "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."

The Court concludes that Movant's *Brady* claim fails for the same reasons the Court denied Ground 6 above:  because Movant fails to describe the allegedly withheld evidence, the Court cannot say that it was material to guilt or punishment, exculpatory, or impeaching.  Likewise, because Movant knowingly and intelligently pleaded guilty to the charged conduct, he cannot show that the alleged misconduct rendered his conviction fundamentally unfair.

Accordingly, the Court will deny relief under Ground 10.

## Movant's "Motion for Immediate Evidentiary Hearing" (Doc. 59)

Finally, Movant seeks an evidentiary hearing to probe the factual bases for each of his habeas claims.  (Doc. 59.)  "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013).  A hearing is not necessary when "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014) (quoting *Thomas*, 737 F.3d at 1206).

As explained in depth, Movant's allegations are either contradicted by the record or, even if accepted as true, do not entitle him to habeas relief.   Therefore, an evidentiary hearing is unnecessary and the Court will deny the motion.

## Conclusion

For the foregoing reasons, the Court concludes that Movant is not entitled to relief under 28 U.S.C. § 2255.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Ramori Rodger's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), is **DENIED**.

**FURTHER** the Court finds that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

**IT IS FURTHER ORDERED** that Movant's "Urgent Motion to Compel Attorney to Provide Communication Records" (Doc. 28); "Motion for Plea counsel to Petition the Courts to Appoint a Paralegal Assistance or Simply Appoint A Second Counsel" (Doc. 33); "Motion to

Request Documents" (Doc. 40); "Supplemental Motion to Request Documents" (Doc. 41); "Motion to Supplement § 2255 Motion" (Doc. 44); "Motion to Vacate Conviction and Sanction Government" (Doc. 45); "Motion to Compel Government to Produce Emails." (Doc. 46); "Motion for Transcripts" (Doc. 47); "Motion for Copies of These Motions" (Doc. 48); and "Motion to Support Unanswered Motion" (Doc. 60); are **DENIED.**

**IT IS FURTHER ORDERED** that the Parties' Motions to Strike (Docs. 51, 52, 54, 55, 57), are **DENIED as moot.**

**IT IS FURTHER ORDERED** that Movant's Motion for Immediate Evidentiary Hearing (Doc. 59), is **DENIED.**

**IT IS FINALLY ORDERED** that Movant's Motion to Expedite Ruling (Doc. 62), is **DENIED as moot**.

A judgment dismissing this case is filed herewith.

Dated this 23rd day of June, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE