UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAMORI ROGERS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-00167-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Ramori Rogers's Motion for Reconsideration of the Court's Order and Judgment denying his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, as supplemented. (Docs. 64-66, 68.) Also pending is Movant's Motion to Transfer Case. (Doc. 67.)

## Motion for Reconsideration

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Bracht v. Grushewsky*, No. 4:04CV1286 HEA, 2007 WL 43847, at *1 (E.D. Mo. Jan. 4, 2007) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

Movant argues that the Court ignored or failed to adequately address a number of grounds for relief: (1) "violation of the Jencks Act," 18 U.S.C. § 3500; (2) "violation of Fed. Crim. R. 11, the Court's interference with plea negotiations"; (3) withholding exculpatory evidence in violation of *Brady v. Maryland*, 373, U.S. 83 (1963); (4) ineffective assistance of counsel based on failing to file an appeal; (5) "the illegal filing of complex case by the Government"; (6) counsel's "lies to the court"; and (7) misleading Movant into believing he was facing life in prison.[1] (Docs. 66, 68.) He also argues that the Court should have held an evidentiary hearing before denying his motion. (Doc. 66 at 3-6.)

The Court concludes that Movant's prosecutorial-misconduct claim premised on the failure to produce Jencks material fails for two reasons. First, he did not raise it in his § 2255 motion. The Court allowed Movant to amend and supplement his motion numerous times, over Respondent's opposition. (Docs. 1, 3, 26, 34.) When granting Movant's Motion to Supplement (Doc. 34), the Court clearly stated that it "will not allow any additional supplementation or amendments" (Doc. 36). In the dozens of pages of argument submitted by Movant, he mentions Jencks in passing, and only in the context of his counsel's alleged failure to prepare. (*See* Doc. 34 at 2.) He does not assert the argument in earnest until he filed a subsequent motion to supplement (Doc. 44), after the Court had expressly stated that it would allow no further amendment, and which the Court denied (Doc. 64). As such, Movant improperly attempts to "tender [a] new legal theor[y], or raise [an] argument[] which could have been offered or raised" in one of his prior supplements. *Ebracht*, 2007 WL 43847, at *1.

---

[1] Movant makes other arguments that are too vague to construe or consider, such as "Failure to fully read about first Attorney, the Court answered to claims I did not even make and not the claims I did," and "The Court answered to copies of my state case that has nothing to do with this Federal case." (Doc. 66 at 1.)

Even if he had properly raised it, Movant's Jencks Act argument misstates the government's obligations. He complains that "[t]he Jencks material was not provide[d] to me 14 days before the trial was set to commence." (Doc. 44 at 2.) The Jencks Act requires the government to produce a copy of every "statement or report in the possession of the United States which was made by a Government witness or prospective Government witness" upon request by the Defendant, but only *"[a]fter a witness called by the United States has testified on direct examination."* 18 U.S.C. § 3500 (emphasis added). Because Movant pleaded guilty, there was no trial and therefore no government witnesses subject to the Jencks Act production requirements. Accordingly, the Court concludes that its alleged failure to grant relief on Movant's unraised Jencks Act ground was not a "manifest error[] of law or fact." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Next, Movant cites Fed. R. Civ. P. 11 and asserts that the Court interfered with plea negotiations. (Doc. 66 at 1.) Movant states no facts supporting this assertion, but it appears to be linked to Movant's later argument that his counsel inaccurately advised Movant that he was facing life in prison. (Doc. 68.) Specifically, the Court understands Movant to be referencing a statement made by the Court at sentencing that "locking [Movant] up for the rest of [his] life is what should happen." (*United States v. Rogers*, No. 4:16-cr-000390JAR (hereinafter "Criminal Case"), Doc. 134 at 20.)

Any assertion by Movant that he pleaded guilty based on the mistaken belief that he risked life in prison if he had gone to trial is belied by the content of his plea agreement, which expressly stated that the maximum sentence was thirty years on the first count and twenty years on the second. (Crminal Case Doc. 105 at 10.) The Court repeated the maximum sentences to Movant at the plea hearing and Movant confirmed that he understood. (Criminal Case, Doc. 132 at 20-

21.) It is unreasonable to accept Movant's argument that his plea was unknowing because he was under the mistaken belief that he faced life in prison. Likewise, the Court's statement at sentencing took place after Movant had entered his guilty plea, meaning it could not have influenced his decision to do so. Accordingly, the Court concludes that its alleged failure to grant relief on this basis was not a "manifest error[] of law or fact." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Movant attempts to clarify the evidence at the heart of his *Brady* argument, which the Court denied, in part, "because Movant fail[ed] to describe the allegedly withheld evidence." (Doc. 64 at 16.) In his motion to reconsider, Movant references a video recorded inside a hotel room. (Doc. 66 at 14.) The video showed Movant's minor victim nude. (*See* Doc. 105 at 7.) Movant asserts that the government withheld the portions of the video before and after the victim appears and that, had the government shared that evidence, Movant could have proven that he had no intent to film the victim because it would show "adult women there at the hotel in the state of undress the same time that the victim was recorded." (Doc. 66 at 14.) He asserts that he asked for the videos prior to pleading guilty but was denied. (*Id.*)

The Court is not persuaded by Movant's argument. Put simply, the video is not exculpatory. First, the presence of naked adult women has no bearing on whether Movant intended to film his minor victim. Second, police obtained and produced numerous other videos and pictures from the same hard drive that held the hotel video. (*See* Doc. 105 at 6-7.) Notably, Movant had made and collected photos and videos of his minor victim in his home and while she was sleeping. (*Id.*) In addition, Movant bragged about touching his victim's breasts, which the victim corroborated. Even if the hotel video was produced in its entirety, and even assuming it shows what Movant asserts, there was still substantial evidence of Movant's guilt. Finally, as the Court noted in its earlier denial, Movant's knowing and intelligent guilty plea defeats any argument

that the alleged withholding of evidence prejudiced him, especially when that evidence was known to Movant at the time he pleaded guilty. Accordingly, the Court concludes that its alleged failure to grant relief on this basis was not a "manifest error[] of law or fact." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Movant next argues that the Court did not address his claim that counsel failed to file an appeal despite Movant's request. (Doc. 66 at 16.) The Court did not address this claim because Movant did not raise that argument in his § 2255 motion or supplements. (*See* Docs. 1, 3, 26, 34). Accordingly, the Court concludes that its alleged failure to grant relief on this basis was not a "manifest error[] of law or fact." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933; *see also Bracht*, 2007 WL 43847, at *1 ("[Motions for reconsideration] cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.").

Movant argues that the Court ignored his habeas claim related to "the illegal filing of complex case by the Government." (Doc. 66 at 1.) It is unclear what movant means. He does not further explain in his motion for reconsideration and a review of his § 2255 motion and supplements does not help. Accordingly, the Court concludes that Movant has not shown that the Court's alleged failure to grant relief on this basis was not a "manifest error[] of law or fact." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Finally, Movant asserts that the Court failed to address his habeas argument based on counsel's "lies to the court." (Doc. 66 at 1.) More specifically, Movant asserts that counsel lied to conceal Movant's mental illness, which would have otherwise disqualified Movant from entering a knowing and intelligent guilty plea. (*Id.* at 4-5.) Movant's argument relies on a finding that he was not competent to plead guilty. In its order denying habeas relief, the Court spent

considerable time addressing the legitimacy and enforceability of Movant's plea and concluded, based on Movant's own words and conduct, that the plea was valid. (Doc. 64 at 5-8.) Movant's challenge to the validity of his plea, based on the same arguments the Court rejected before, is no less persuasive now. Put simply, on multiple occasions, Movant affirmed—and the Court confirmed—that he was competent and understood the proceedings. Even if counsel was lying when he represented to the Court that he had "reviewed a portion of Movant's medical history, spoken to Movant's family, and interacted directly with Movant" before concluding that Movant was competent, Movant's own sworn statements were sufficient to conclude that he validly entered the plea. Accordingly, the Court concludes that Movant has not showed that the Court's alleged failure to grant relief on this basis was not a "manifest error[] of law or fact." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

## Motion to Transfer

In addition, Movant moves to transfer his case, alleging that the Court is biased against him. (Doc. 67.) The crux of Movant's allegation is the Court's statement at sentencing and ignoring of the prosecutorial misconduct, ineffective assistance, and competency issues he raises in his habeas motion. (*Id.*)

As noted, the Court opined at sentencing that "locking [Movant] up for the rest of [his] life is what should happen." (Criminal Case, Doc. 134 at 20.) The statement referred to the serious and offensive nature of Movant's crime rather than any personal animosity towards Movant. Indeed, the Court went on to sentence Movant to the term agreed upon in the negotiated plea agreement. Further, for the reasons discussed above, Movant is not entitled to relief on his habeas claims and therefore the Court's asserted failure to address those issues is not evidence of prejudicial bias. Accordingly, the Court will deny Movant's Motion to Transfer.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Movant Ramori Rogers's Motion for Reconsideration of the Court's Order and Judgment denying his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 66), is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Transfer (Doc. 67), is **DENIED.**

Dated this 23rd day of July, 2020.

                                                     _/s/ John A. Ross_____
                                                     JOHN A. ROSS
                                                     UNITED STATES DISTRICT JUDGE